UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SEQUOIA MEDIA,

Plaintiff,

v.

REDBIRD CONTENT CORPORATION, et al.,

Defendants.

24-CV-5175 (DEH) (JEW)

ORDER

DALE E. HO, United States District Judge:

On November 26, 2024, Plaintiff Sequoia Media ("Plaintiff") moved for default judgment against Defendants Redbird Content Corporation and Tiff Winton (collectively, "Defendants"). ECF No. 18. Neither Defendant has appeared in this action. On November 12, 2024, the Clerk of Court issued a Clerk's Certificate of Default. ECF No. 14. On November 27, 2024, the Court ordered Defendants to file any opposition to Plaintiff's default judgment motion by December 9, 2024, and to appear before the Court on December 11, 2024, to show cause why default judgment should not be entered against them. ECF No. 19. Defendants neither responded in writing nor appeared before the Court. Accordingly, on December 11, 2024, the Court granted Plaintiff's motion for default judgment against both Defendants, ECF No. 11, and referred the matter to Magistrate Judge Jennifer E. Willis for an inquest into damages, ECF No. 22.

On March 31, 2026, Plaintiff submitted to Judge Willis proposed findings of fact and conclusions of law and an inquest memorandum of law with supporting affidavits and exhibits that set forth proof of Plaintiff's damages. ECF Nos. 24 & 25.

On November 24, 2026, Judge Willis issued a Report and Recommendation (the "Report") recommending that default judgment be entered against Defendants, jointly and severally, and that Plaintiff be awarded $120,000.00 in compensatory damages along with post-judgment interest at

the federal statutory rate. *See* Report at 10, ECF No. 28. Plaintiff certified that it served the Report on Defendants on November 5, 2026. ECF No. 29. Defendants then had fourteen days, until November 19, 2026, to file any objections to the Report. *See* Fed. R. Civ. P 72(b)(2). No objections were filed.

In reviewing a magistrate judge's report and recommendation, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "In a case such as this one, where no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Kuan v. Notoriety Grp. LLC*, No. 22 Civ. 1583, 2023 WL 3936749, at *1 (S.D.N.Y. June 9, 2023). The Court has reviewed the Report and has found no error, clear or otherwise.

It is therefore **ORDERED** that the Report is **ADOPTED IN FULL.**

Plaintiff shall file a proposed Judgment in conformity with this Order within **fourteen (14) days**.

SO ORDERED.

Dated: November 20, 2026
New York, New York

DALE E. HO
United States District Judge